UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN MULKERN,

                             Plaintiff,

    v.

LOWE'S HOME CENTER, LLC,

                             Defendant.

No. 23-CV-3689 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

    In response to the Court's Order to Show Cause, (Dkt. No. 14), Plaintiff submitted a letter explaining that he did not receive any correspondence from Defendant and that he only "learned of the . . . Notice of Removal and . . . Motion To Dismiss" after a visit to the Pro Se Office, which the Court assumes refers to the District's Pro Se Intake Unit. (Ltr. from Kevin Mulkern to Court (Jan. 31, 2024) (Dkt. No. 16).) His argument appears to be that he did not receive adequate notice of removal or of the Motion To Dismiss.

    Defendant argues that Plaintiff *was* aware of both filings, as evidenced by an August 18, 2023, Complaint that he filed in a separate action before Chief Judge Swain. (*See* Compl. (Dk. No. 1, 23-CV-7362).) That Complaint references a notice of removal but challenges whether Defendant delivered that document. (*See id*. at 11 ("[D]efendants wrongfully assert that they served a true and correct copy of a NOTICE OF FILING OF REMOVAL . . . upon Kevin Mulkern . . . .").) The Complaint also mentions a phone conversation where Defense counsel Kristin Witherell stated that Plaintiff should "go to the court where you filed" with questions regarding his case. (*Id*.) In Defendant's telling, Witherell received a call from Plaintiff's brother, explained that she wanted to speak directly to Plaintiff, and advised that Plaintiff may

contact this Court with questions. (Ltr. from Howard Wexler, Esq., to Court (Feb. 9, 2024) at 2–3 (Dkt. No. 18).)

All told, these representations reinforce the Court's concern that Plaintiff may not have understood Defendant's filings. Removal is an unfamiliar concept to pro se litigants, and Plaintiff, having learned of the Notice of Removal, filed an Amended Complaint in federal court, which is hardly an irrational response. Although that Notice, and Chief Judge Swain's Order dismissing the Amended Complaint, (*see* Order (Dkt. No. 3, 23-CV-7362)), should have put Plaintiff on notice of this Action, he may not have understood that his original action had been moved to federal court. Phone correspondence with defense counsel may have added to that confusion to the extent it directed Plaintiff back to New York State Supreme Court.[1]

That confusion is cause to continue this case. Courts in this district are "obligated to afford special solicitude to pro se litigants," which extends to "leniency in the application of procedural rules." *Rosa v. Doe*, 86 F.4th 1001, 1007 (2d Cir. 2023) (quotation marks, citations, and italics omitted). In related contexts where it is not "obvious to a layman" what to do, the Second Circuit requires "either the district court or the moving party" to supply "a clear understanding" of the nature and consequences of relevant filings. *See Irby v. New York City Transit Auth.*, 262 F.3d 412, 414 (2d Cir. 2001) (reiterating "the necessity that pro se litigants have actual notice, provided in an accessible manner, of the consequences of . . . failure to comply with the requirements of Rule 56"). That is particularly true in cases like this, where the pro se party represents that he is indigent. *See Rosa*, 86 F.4th at 1007. (*See also* Request to Proceed In Forma Pauperis (Dkt. No. 2, 23-CV-7362).) Because Plaintiff may have lacked an

---

[1] To be clear, the Court does not believe Defense counsel misrepresented anything regarding this case. It instead notes possible confusion from Plaintiff's perspective.

adequate understanding of Defendant's filings, the Court declines to dismiss the case for failure to prosecute.

Going forward, the Court emphasizes the following to Plaintiff: This Action is pending in before this Court, not New York State Supreme Court, and he should endeavor to comply with this Court's filing deadlines. If Plaintiff fails to do so, the Court may dismiss this case with prejudice.

Plaintiff is directed to advise the Court, by no later than March 1, 2024, whether he would like to move forward with his original Complaint, or the Amended Complaint filed before Chief Judge Swain. After he does so, Defendant shall respond by no later than March 8, 2024, with a proposed briefing schedule for its Motion To Dismiss.

SO ORDERED.

Dated:  February 12, 2024
        White Plains, New York

                                                KENNETH M. KARAS
                                              United States District Judge