UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KEVIN MULKERN,

                          *Plaintiff*,

    v.

LOWE'S HOME CENTERS, LLC,

                          *Defendant*.

No. 23-CV-3689 (KMK)

OPINION & ORDER

---

Appearances:

Kevin Mulkern
*Pro se Plaintiff*

Howard Mark Wexler, Esq.
Seyfarth Shaw LLP
New York, NY
*Counsel for Defendant*

KENNETH M. KARAS, United States District Judge:

    Plaintiff Kevin Mulkern ("Plaintiff"), proceeding pro se, brings this Action against Defendant Lowe's Home Centers, LLC, ("Lowe's" or "Defendant"), alleging disability discrimination, retaliation, failure to accommodate, and hostile work environment pursuant to the Americans with Disability Act (the "ADA"), 42 U.S.C. §§ 12132, et seq., and the New York State Human Rights Law ("NYSHRL"), New York Executive Law § 296, and a workers' compensation claim pursuant to the New York Workers' Compensation Law (the "NYWCL"). (*See generally* Compl. (Dkt. No. 1-1), Am. Compl (Dkt. No. 30-2) (together, "Complaints").) Before the Court is Defendant's Motion to Dismiss (the "Motion"). For the reasons set forth below, the Motion is granted.

I. Background

A. Factual Background

The following facts are drawn from the Complaints and Plaintiff's Opposition, (Pl's Mem. in Opp. ("Pl's Opp.") (Dkt. No. 35). The facts alleged are assumed true for the purpose of resolving the instant Motion. *See Buon v. Spindler*, 65 F.4th 64, 69 n.1 (2d Cir. 2023).

Plaintiff resides in Nanuet, New York with his elderly mother. (Compl. ¶ 1.) Plaintiff has a learning disability that "affects his cognitive abilities." (Pl's Opp. 7.) "Plaintiff struggles to read and comprehend written material, articulate his thoughts fluently and coherently, and has trouble equating time." (*Id.* 7–8.) Plaintiff has a GED. (Compl. ¶ 2.)

Plaintiff was employed by a Lowe's store located in Nanuet, New York, as a laborer from August 21, 2015, to October 23, 2020. (*Id.* ¶ 3.) As a laborer, Plaintiff "lifted heavy items," such as mulch bags, boxes, and garbage cans, without assistance, and lifted heavier items, such as lawnmowers, snowblowers, and generators, with the assistance of other employees. (*Id.* ¶ 12.) In spring 2020, Plaintiff hurt his back while lifting items in the course of his employment, and informed store management of his injury. (*Id.* ¶ 13.) During spring and summer 2020, Plaintiff's back pain prevented him from sleeping at times. (*Id.* ¶ 14.)

Throughout 2020, Lowe's held "blowout sales" during which Plaintiff worked all day without a break. (*Id.* ¶ 8.) When Plaintiff asked for a break during these sales, he was told that breaks were "'not possible' due to the strong customer turnout and demand for assistance." (*Id.*; Pl's Opp. 19.) Plaintiff says he asked for "additional assistance" due to his back pain, but was "not provided with any reasonable accommodation." (Pl's Opp. 19.) During spring and summer 2020, Plaintiff fell sick after exposure to COVID-19 and/or as a result of his being vaccinated against COVID-19. (Compl. ¶ 9.) "On more than one occasion," Plaintiff's doctor told Plaintiff

that he was suffering from fatigue and exhaustion, which Plaintiff communicated to store management. (*Id.* ¶¶ 9–10.)

On multiple occasions, when Plaintiff attempted to print out his work schedule for the coming month, he was prevented from doing so because "he did not have a password or the password he was given [had] changed." (*Id.* ¶ 15.) Plaintiff informed store management of this issue. (*Id.*) Plaintiff was scheduled for different work shifts by two different managers, resulting in "confusion on management's part," for which Plaintiff and his "tardiness" were blamed. (*Id.* ¶¶ 16–17.) On other occasions, Plaintiff was summoned from the front to the rear of the store to empty garbage bins in front of other employees who did not assist Plaintiff. (*Id.* ¶ 18.) Plaintiff found these incidents "degrading." (*Id.*) Around September or October 2020, Plaintiff suffered a hernia while lifting heavy equipment. (*Id.* ¶ 21.) "Due to his learning disability," Plaintiff did not understand that he was experiencing a hernia "and therefore only informed management about the back pain and requested an accommodation but did not receive any assistance." (Pl's Opp. 15.) Plaintiff's complaints as to the lack of reasonable accommodation and breaks, the changing of his work shifts, and "two managers wanting him at the same time" went "unheard" or were ignored. (Compl. ¶ 20.)

On October 23, 2020, Plaintiff was terminated by Francis, a store manager. (*Id.* ¶ 22.) Following his termination, Plaintiff attempted, unsuccessfully, to secure unemployment benefits. (Pl's Opp. 8.) In February 2021, Plaintiff learned from the federal Department of Labor that Defendant "had submitted a negative performance review." (*Id.* 8–9.) In May 2021, Francis said that the termination was due to Plaintiff's "performance." (Compl. ¶ 24.) Plaintiff underwent surgery for his hernia in February 2023. (*Id.* ¶ 30.) Plaintiff was unemployed

throughout 2021 and worked at Rockland County State Park in a limited capacity during the summer in 2022 and 2023. (Pls' Opp. 9.)

B. Procedural Background

Plaintiff initiated this Action on April 4, 2023, in New York Supreme Court, County of Rockland. (*See* Not. of Removal (Dkt. No. 1) at 1; Compl. at 5.) On May 2, 2023, Defendant removed the Action to the Southern District of New York. (*See generally* Not. of Removal.) On July 7, 2023, Defendant filed a Motion to Dismiss. (*See* Dkt. Nos. 11–12.) Plaintiff did not file an Opposition, (*see generally* Dkt.); instead, on August 18, 2023, Plaintiff initiated an identical suit with an Amended Complaint, (*see generally* Dkt. No. 23-CV-7362). Chief Judge Swain dismissed the identical suit as duplicative of this Action. (*See* Dkt. 23-CV-7362, No. 3.)

On February 1, 2024, the Court ordered Plaintiff to show cause why the Action should not be dismissed for failure to prosecute. (*See* Dkt. No. 14.) On February 12, 204, following letters from the Parties, the Court declined to dismiss for failure to prosecute. (Dkt. No. 19.) On March 8, 2024, Defendant requested clarification on which complaint should be considered operative. (Dkt. No. 23.) Plaintiff did not respond to this letter despite an Order directing him to do so, (*see* Dkt. Nos. 24, 28), and so the Court set a briefing schedule, (Dkt. No. 28).

On April 22, 2024, Defendant filed the instant Motion. (Not. of Mot. (Dkt. No. 29); Def's Mem. in Supp. ("Def's Mem.") (Dkt. No. 30).) After an extension, Plaintiff filed his Opposition on July 11, 2024. (Pl's Opp.) On August 1, 2024, Defendant filed its Reply. (Def's Reply (Dkt. No. 36).)

II. Discussion

A. Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of [its] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and quotation marks omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable

and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and "draw[ ] all reasonable inferences in favor of the plaintiff," *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)); *Medina v. AAM 15 Mgmt. LLC*, --- F. Supp. 3d ----, 2024 WL 4307816, at *6 (S.D.N.Y. Sept. 26, 2024) (same). Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (citation and quotation marks omitted); *see also Gamboa v. Regeneron Pharms., Inc.*, 719 F. Supp. 3d 349, 352 (S.D.N.Y. Feb. 27, 2024) (same).

Moreover, where, as here, a plaintiff proceeds pro se, the Court must construe his submissions "liberally and interpret it to raise the strongest arguments that it suggests." *Ashmeade v. Amazon.com*, No. 23-CV-4331, 2024 WL 4266391, at *7 (S.D.N.Y. Sept. 23, 2024) (alterations adopted) (quoting *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013)); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (same). Notwithstanding a standard of review comparatively more lenient and favorable to pro se litigants, such treatment "does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks and citation omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir.

6

2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics omitted) (internal quotation marks and citation omitted)).

B.  Analysis

The Parties agree that Plaintiff raises five claims under federal and state law.  Those claims are (1) disability discrimination; (2) retaliation; (3) failure to accommodate; (4) hostile work environment, all under both the ADA and the NYSHRL; and (5) workers' compensation under the WCL.

    1.  ADA Claims

As a preliminary matter, the Court must determine whether Plaintiff has exhausted his administrative remedies and, if not, whether the failure may be excused.  Exhaustion of administrative remedies is an essential element of the ADA statutory scheme and is a precondition to bringing ADA claims in federal court.  *See Kirkland-Hudson v. Mount Vernon City Sch. Dist.*, 665 F. Supp. 3d 412, 437 (S.D.N.Y. Mar. 29, 2023) (citing *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001), and *Lester v. Mount Pleasant Cottage Sch. Union Free Sch. Dist.*, No. 19-CV-5247, 2020 WL 3618969, at *5 (S.D.N.Y. July 2, 2020)).  "[P]laintiffs asserting claims under the ADA must first file a charge of discrimination with the [Equal Employment Opportunity Commission ("EEOC")]."  *Rosado v. Port Auth. of N.Y. & N.J.*, No. 22-587, 2024 WL 658776, at *2 (2d Cir. Feb. 16, 2024) (summary order); *accord Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 57 (2d Cir. 2018) (Plaintiffs "must exhaust administrative remedies through the EEOC").  "For an ADA claim to be timely, a plaintiff is generally required to file a 'charge [with the EEOC] within [180] days after the alleged unlawful employment practice occurred.'"  *Nunez v. Brookhaven Sci. Assocs., LLC*, No. 23-CV-272, 2024 WL 168317, at *2 (E.D.N.Y. Jan. 16, 2024) (quoting 42 U.S.C.

§ 2000e-5(e)(1)). If, however, a plaintiff "initially instituted proceedings with a State or local agency with authority to grant or seek relief from" a discriminatory practice, the EEOC charge is timely if filed within 300 days. 42 U.S.C. § 2000e-5(e)(1). Where a plaintiff fails to file a timely EEOC charge, the ADA claim is rendered "time-barred and must be dismissed." *Zinnamon v. The Bank of New York*, No. 06-CV-1805, 2006 WL 1229117, at *1 (E.D.N.Y. May 8, 2006) (citing *Stueyecke v. New York Hosp. Med. Ctr. of Queens*, No. 01-CV-326, 2003 WL 22019073, at *3 (E.D.N.Y. Aug. 26, 2003)). "Defendants bear the burden of proving a failure to exhaust." *Kane v. St. Raymond's Roman Cath. Church*, No. 14-CV-7028, 2015 WL 4270757, at *5 (S.D.N.Y. July 13, 2015). Accordingly, courts generally deny motions to dismiss for failure to exhaust unless the failure "is clear from the face of the complaint." *Arnold v. Rsch. Found. for State Univ. of N.Y.*, 216 F. Supp. 3d 275, 287 (E.D.N.Y. 2016).

Here, it is clear from the face of the Complaints that Plaintiff has failed to exhaust, as he admits that he has not filed an EEOC charge. (*See* Compl. ¶ 28 (alleging it was "impossible to file a complaint with the [EEOC]" and that Plaintiff "hoped the statute of limitations could be tolled"); Am. Compl. at 12 (alleging that it was "impossible to file a complaint in a timely fashion with the [EEOC]" and seeking to toll the statute of limitations).) However, in his Opposition brief, Plaintiff argues that equitable tolling is appropriate here. (Pl's Opp. 12–13.)

"Equitable tolling is a doctrine that permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity." *Doe v. United States*, 76 F.4th 64, 71 (2d Cir. 2023) (quoting *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000)). The Second Circuit has characterized equitable tolling as "a drastic remedy applicable only in rare and exceptional circumstances." *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)); *Rein v. McCarthy*, 803 F. App'x

477, 480 (2d Cir. 2020) (summary order) (same); *Katz v. Equinox Holdings, Inc.*, No. 20-CV-9856, 2022 WL 2952143, at *2 (S.D.N.Y. July 26, 2022) (same); *see also Koenigsberg v. Bd. of Trs. of Columbia Univ. in City of N.Y.*, No. 23-CV-1044, 2024 WL 3876553, at *7 (S.D.N.Y. Aug. 20, 2024) (noting that "the Second Circuit has 'set a high bar to deem circumstances sufficiently extraordinary to warrant equitable tolling'" (internal quotation marks omitted) (quoting *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011)). Granting equitable tolling is a discretionary "exercise of a court's equity powers." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "This discretion is not absolute," *Doe*, 76 F.4th at 71, because "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," *A.Q.C. ex rel. Castillo*, 656 F.3d at 144 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "When a plaintiff raises an equitable tolling argument in response to a motion to dismiss . . ., the motion to dismiss should be denied 'unless all assertions of the complaint, as read with required liberality, would not permit the plaintiffs to prove that this statute was tolled.'" *Stensrud v. Rochester Genesee Reg'l Transp. Auth.*, 507 F. Supp. 3d 444, 453 (W.D.N.Y. 2020) (quoting *Franco v. Diaz*, 51 F. Supp. 3d 235, 248 (E.D.N.Y. 2014)). "Diligence and extraordinary circumstances are related in that a plaintiff's pursuit of their claims with reasonable diligence establishes the causal link between the extraordinary circumstances and the late filing." *Eletson Holdings, Inc. v. Lenova Holdings Ltd.*, No. 23-CV-7331, 2024 WL 4100555, at *18 (S.D.N.Y. Sept. 6, 2024).

Plaintiff argues that the COVID-19 pandemic and his disability each constitute extraordinary circumstances, (Pl's Opp. 12–13), and that "all government administrative agencies were closed" during the COVID-19 pandemic such that "it [was] impossible to file a complaint with the [EEOC] and/or the [New York] Division of Human Rights in a timely

9

fashion," (*see* Compl. ¶ 28; Am. Compl. at 12). In support of this contention, Plaintiff claims that he "made several attempts to file [an EEOC charge] . . . by going in person and contacting the agency by phone." (Am. Compl. at 12.) "A plaintiff seeking equitable tolling of the statute of limitations need only show 'reasonable diligence, not maximum feasible extraordinary diligence' throughout the period []he seeks to toll." *Babb v. Colvin*, 730 F. Supp. 3d 14, 22 (E.D.N.Y. 2024) (quoting *Harper v. Ercole*, 648 F.3d 132, 138 (2d Cir. 2011) (quoting *Holland*, 560 U.S. at 653)). When considering whether a plaintiff's diligence is reasonable, courts must inquire into whether the plaintiff acted as diligently as might be reasonably expected under the circumstances. *See id.* (citing *Baldayaque v. United States*, 338 F.3d 145, 153 (2d Cir. 2003)); *see also Eletson Holdings*, 2024 WL 4100555, at *18 (determining that a plaintiff was reasonably diligent where "it [wa]s not clear what more [plaintiff] could have done" to pursue her rights); *Quizhpe v. Superintendent of E. Corr. Facility*, No. 21-CV-1709, 2022 WL 5202275, at *7 (S.D.N.Y. Aug. 22, 2022) (in analyzing whether equitable tolling applied, finding that plaintiff had failed to act diligently), *report and recommendation adopted*, 2022 WL 5197319 (S.D.N.Y. Oct. 5, 2022); *Mairs v. Fields*, No. 20-CV-1451, 2021 WL 4311140, at *2 (E.D.N.Y. Sept. 22, 2021) (same). Plaintiff was injured in September or October 2020. (Compl. ¶ 21.) At some point after his termination on October 23, 2020, Plaintiff was informed by a family member that he had a hernia. (*Id.* ¶ 27.) Plaintiff alleges he made several attempts "during the pandemic" to file an EEOC charge but was unsuccessful. (Pl's Opp. 12 ("Plaintiff made several attempts to file a complaint with the EEOC during the pandemic by going in person and contacting the agency by phone, but all government agencies were closed as were the courts."); *see also* Compl. ¶ 28; Am. Compl. at 12.) Plaintiff provides no further explanation going to his

10

diligence.  For the purpose of the Court's inquiry into equitable tolling, it assumes that Plaintiff was reasonably diligent and turns to the second prong of plaintiff's equitable tolling burden.

"Whether a plaintiff faced extraordinary circumstances depends not on 'the uniqueness of a party's circumstances' or the outrageousness of what they endured, 'but rather the severity of the obstacle impeding compliance with a limitations period.'" *Doe*, 76 F.4th at 72 (alteration adopted) (quoting *Smalls v. Collins*, 10 F.4th 117, 145 (2d Cir. 2021) (quoting *Harper*, 648 F.3d at 137)).  Plaintiff argues that the COVID-19 pandemic closed "all government agencies" and "the courts" such that he was unable to timely file an EEOC charge.  (Pl's Opp. 12.)  Plaintiff's invocation "of COVID-19 does not suffice to show the sort of rare and exceptional circumstance that might support equitable tolling," *Kirkwood v. Buffalo & Erie Cnty. Naval & Mil. Park*, No. 22-CV-703, 2023 WL 4959881, at *6 (W.D.N.Y. Aug. 3, 2023), as he must provide "a more specific personal reason" as to how the COVID-19 pandemic affected him, *Verne v. New York City Dep't of Educ.*, No. 21-CV-5427, 2022 WL 4626533, at *6 (S.D.N.Y. Sept. 30, 2022); *see also Smeraldo v. Jamestown Pub. Schs.*, No. 21-CV-578, 2023 WL 424490, at *8 (W.D.N.Y. Jan. 26, 2023) (finding that the COVID-19 pandemic alone is insufficient to warrant equitable tolling without a more specific personal reason); *Gomez v. Henry St. Settlement*, No. 20-CV-5585, 2021 WL 4943509, at *6 (S.D.N.Y. July 27, 2021) (same), *report and recommendation adopted*, No. 20-CV-5585, 2021 WL 4239177 (S.D.N.Y. Sept. 17, 2021); *Hood v. Cath. Health Sys., Inc.*, No. 20-CV-673, 2020 WL 8371205, at *6–7 (W.D.N.Y. September 28, 2020) (same); *see also Garnes v. Pritchard Indus., Inc.*, No. 20-CV-3843, 2023 WL 3980693, at *10 (S.D.N.Y. May 23, 2023) (same and collecting cases), *report and recommendation adopted*, No. 20-CV-3843 (S.D.N.Y. June 13, 2023).  Plaintiff argues that he has made the specific personal showing by alleging that all agencies and courts were closed.  (Pl's Opp. 12.)  Plaintiff's claim is belied

by numerous other suits in which pro se plaintiffs were able to file EEOC charges during the same time period in late 2020 or 2021. *See, e.g.*, *Shider v. Allied Universal Sec. Co.*, No. 21-CV-6425, 2023 WL 2652280, at *1 (E.D.N.Y. Mar. 27, 2023) (finding that a pro se plaintiff filed an EEOC charge in December 2020); *Stein v. Town of Greenburgh*, No. 21-CV-5673, 2023 WL 2432574, at *3–4 (S.D.N.Y. Mar. 8, 2023) (finding that a pro se plaintiff filed EEOC charges in in August 2020 and September 2021); *Baez v. Amazon.com Servs., LLC*, 659 F. Supp. 3d 339, 344 (E.D.N.Y. 2023) (finding that a pro se plaintiff filed an EEOC charge in July 2021); *Nazon v. Time Equities, Inc.*, No. 21-CV-8680, 2022 WL 18959570, at *5 & n.3 (S.D.N.Y. Nov. 22, 2022) (finding that a pro se plaintiff filed an EEOC charge in November 2020). Finally, Plaintiff waited until April 2023 to file anything related to his claims, (*see generally* Complaints), well after the COVID-19 pandemic ended, *see Lewis v. Cuomo*, No. 20-CV-6316, 2021 WL 3163238, at *6 (W.D.N.Y. July 27, 2021) (noting that the New York State COVID-19 state of emergency lasted from March 7, 2020, to June 25, 2021).

Equitable tolling can also apply "where a plaintiff's medical condition or mental impairment prevented [him] from proceeding in a timely fashion." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003). Plaintiff argues that his disability led to his inability "to recognize that he had suffered a hernia," and that it was only after a family member noticed the hernia that Plaintiff was "able to fully comprehend what he had suffered." (Pl's Opp. 13.) The Complaints are vague as to the timeline of how Plaintiff's disability kept him from understanding his injury. (*See generally* Compls.) Courts have found extraordinary circumstances when the plaintiff provides a "particularized description" of how his medical condition "affected his ability to pursue his rights." *See Barney v. H.E.L.P. Homeless Serv. Corp.*, No. 19-CV-5959, 2020 WL 1699984, at *4–5 (S.D.N.Y. Apr. 8, 2020) (finding

extraordinary circumstances where plaintiff specifically described how his stabbing, hospitalization, and recovery affected his ability to pursue his rights (citing *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000))). In contrast, Plaintiff "has not offered a *particularized description* of [his] condition that adversely affected his capacity to function generally or in relationship to the pursuit of his rights." *Kirkwood*, 2023 WL 4959881, at *6 (emphasis added) (quotation marks omitted) (quoting *Boos*, 201 F.3d at 185); *see also Anthony v. Rosenberg*, No. 22-CV-378, 2024 WL 4624640, at *4 (N.D.N.Y. Mar. 13, 2024) (finding that pro se plaintiff had diligently pursued his rights where he attempted, unsuccessfully, to secure representation and suffered anxiety attacks such that he was "not in the right state of mind"). As Plaintiff has failed to sufficiently allege reasonable diligence and extraordinary circumstances, the Court declines to grant the drastic remedy of equitable tolling.

Accordingly, because Plaintiff's claims under the ADA appear to be time barred, and because he has not carried his burden to show how any equitable defense may change that, his ADA claims are subject to dismissal.

2. State Law Claims

Defendant argues that the Court should decline to exercise supplemental jurisdiction over Plaintiff's NYSHRL, (Def's Mem. 15–16), and that the Court lacks jurisdiction over Plaintiff's WCL claims, (*id.* 5–6).

Having dismissed the federal claims against Defendant, the Court declines to exercise supplemental jurisdiction over any pending state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that "if the federal

claims [in an action] are dismissed before trial . . . the state claims should be dismissed as well"). However, Plaintiff may reassert these state law claims in a future amended complaint, and the Court's acceptance of jurisdiction over those claims will be reassessed at the appropriate time.

### III.  Conclusion

For the reasons set forth above, Plaintiff's Complaint is dismissed for failure to exhaust and Defendant's Motion is granted.  Because this is the first adjudication of his claims on the merits, Plaintiff's claims are dismissed without prejudice.  If Plaintiff wishes to file a second amended complaint alleging additional facts and otherwise addressing the deficiencies the Court has identified, Plaintiff must do so within 30 days of the date of this Order.  The second amended complaint will replace, not supplement, the previous Complaints. The failure to timely file a second amended complaint may result in the dismissal of this Action with prejudice.

The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt. No. 29.

SO ORDERED.

Dated:    March 3, 2025
           White Plains, New York

KENNETH M. KARAS
United States District Judge