UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN MULKERN,

                     *Plaintiff*,

     v.

LOWE'S HOME CENTERS, LLC,

                     *Defendants*.

No. 23-CV-3689 (KMK)

ORDER OF DIMISSAL

KENNETH M. KARAS, United States District Judge:

     Kevin Mulkern ("Plaintiff"), proceeding pro se, brings this Action against Lowe's Home Centers, LLC, ("Defendant"), alleging disability discrimination, retaliation, failure to accommodate, and hostile work environment pursuant to the Americans with Disability Act (the "ADA"), 42 U.S.C. §§ 12132, et seq., and the New York State Human Rights Law, New York Executive Law § 296, and a workers' compensation claim pursuant to the New York Workers' Compensation Law. (*See generally* Compl. (Dkt. No. 1-1), Am. Compl (Dkt. No. 30-2).)

     On March 3, 2025, the Court granted Defendant's Motion to Dismiss. (*See* Dkt. No. 37.) The Court granted Plaintiff thirty days to file an Amended Complaint. (*See id.* at 14.) On March 31, 2025, Plaintiff requested an extension. (*See* Dkt. No. 38.) The Court granted the request and ordered that Plaintiff file his Amended Complaint by no later than April 28, 2025, and that failure to do so may result in dismissal of this Action with prejudice. (*See* Dkt. No. 40.) Plaintiff did not do so. (*See generally* Dkt.) On May 6, 2025, the Court issued an Order to Show Cause by no later than May 27, 2025, as to why this Action should not be dismissed for failure to prosecute. (*See* Dkt. No. 42.) Plaintiff did not do so. (*See generally* Dkt.) On June 6, 2025, Defendant requested that the Court dismiss this Action. (*See* Dkt. No. 43.) On June 13, 2025,

Plaintiff filed a letter requesting that the Court appoint pro bono counsel.  (*See* Dkt. No. 44.)  The Court denied Plaintiff's request without prejudice and noted that there was no operative pleading.  (*See* Dkt. No. 45 at 3.)  The Court directed Plaintiff to file an Amended Complaint by no later than August 8, 2025, and noted that failure to comply may result in dismissal of this Action.  (*See id.*)  Plaintiff did not do so.  (*See generally* Dkt.)  On August 15, 2025, Defendant again requested that the Court dismiss this Action.  (*See* Dkt. No. 46.)

This Court has the authority to dismiss a case for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).  Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order."  *See id*.  Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte.  *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *see LeSane*, 239 F.3d at 209 (quotation marks omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)).  The Second Circuit has further cautioned that "pro se plaintiffs should be granted special leniency regarding procedural matters."  *Id.* (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning."  *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at

2

\*3 (S.D.N.Y. Jan. 22, 2008). Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Wood v. City of N.Y.*, No. 05-CV-2894, 2007 WL 2049686, at \*1 (S.D.N.Y. July 13, 2007) (alterations in original) (quotation marks omitted) (quoting *LeSane*, 239 F.3d at 209); *see also Hibbert v. Apfel*, No. 99-CV-4246, 2000 WL 977683, at \*2 (S.D.N.Y. July 17, 2000) (same). No single factor is dispositive. *See Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court concludes that these factors weigh in favor of dismissal of the Action. First, that Plaintiff has failed to meaningfully participate in this Action since filing an opposition to Defendant's Motion to Dismiss in July 2024. That Plaintiff last communicated with the Court two months ago weighs in favor of dismissal. *See Smith v. Westchester Cnty.*, No. 19-CV-1283, 2020 WL 883332, at \*1 (S.D.N.Y. Feb. 24, 2020) (finding that two months of noncompliance following an order to show cause weighed in favor of dismissal); *Early v. Little Flower Child. & Fam. Serv. of New York*, No. 23-CV-2531, 2025 WL 307138, at \*1 (E.D.N.Y. Jan. 27, 2025) (finding that four months of noncompliance amounted to pro se plaintiff's abandonment of the case); *Cutting v. Riveles Wahab LLP*, No. 23-CV-6040, 2024 WL 3833890, at \*2 (S.D.N.Y. Aug. 14, 2024) (dismissing pursuant to Rule 41(b) after four months of noncompliance); *Peters v. Dep't of Corr.*, 306 F.R.D. 147, 149 (S.D.N.Y. 2015) (dismissing pursuant to Rule 41(b) after two months of pro se plaintiff's failure to respond to an order to show cause why the case should not be dismissed).

3

Second, Plaintiff received notice multiple times that failure to request an extension, or show cause, or respond to the Court's orders could result in dismissal. (*See* Dkt. Nos. 37, 40, 42, 45.)

Third, prejudice to Defendant is presumed where, as here, "a plaintiff's delay is 'lengthy and inexcusable.'" *Pepe v. Kenev Inc.*, No. 23-CV-7747, 2025 WL 370964, at *2 (S.D.N.Y. Feb. 3, 2025) (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)).

Fourth, dismissal of the Action is not on the merits "and balances the Court's interest in managing its docket with [Plaintiff's] interest in being heard." *Early*, 2025 WL 307138, at *1.

Finally, the Court has "considered the possibility of a less drastic sanction than dismissal," *Kaplan v. Hezbollah*, 844 F. App'x 459, 460 (2d Cir. 2021) (summary order); *Pepe*, 2025 WL 370964, at *2 (same), but finds that, as Plaintiff appears to "ha[ve] abandoned this matter," dismissal of the Action is appropriate, *cf. Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017).

Accordingly, the Action is dismissed with prejudice for failure to prosecute. *See Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *2 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Djokovic v. U.S. Just. Dep't*, No. 07-CV-2608, 2008 WL 3200191, at *1–2 (E.D.N.Y. Aug. 6, 2008) (dismissing case for, among other reasons, failure to prosecute where the plaintiffs were ordered to submit a letter stating "whether [they] intend[ed] to proceed with th[e] action," but plaintiffs failed to submit such a letter); *Lopez v. Catholic Charities of the Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001)

4

(dismissing for failure to prosecute where plaintiff "ceased to prosecute [the] action at all" for three months (emphasis removed)).

Accordingly, it is hereby:

ORDERED that the Action is dismissed without prejudice. *See Armstrong v. Guccione*, 470 F.3d 89, 103 n.1 (2d Cir. 2006) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962))).

The Clerk of Court is respectfully directed to close the case and to mail a copy of this Order to Plaintiff's address.

SO ORDERED.

DATED:   August 28, 2025
         White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE